UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEN WILKINSON, SR., and ) <br> JEANNE WILKINSON, ) <br> ) <br>     **Plaintiffs** ) <br> ) <br>     v. ) <br> ) <br> ECONOMY PREMIER ASSURANCE ) <br> COMPANY, ) <br> ) <br>     **Defendant** ) | No. 3:03cv0193 AS |

*MEMORANDUM OPINION AND ORDER*

This case was originally filed in the St. Joseph Circuit Court in South Bend, Indiana, and was removed to this court under jurisdictional authority found in 28 U.S.C. §1332 on or about March 13, 2003. Notwithstanding the abundance of the record, the issues here are relatively simple and straightforward invoking the jurisdictional authority found in 28 U.S.C. §1332. The case was removed here under authority of 28 U.S.C. §1442.

The defendant, Economy Premier Assurance Company, issued a policy of insurance that had the following exclusion:

    1.    We do not cover loss of damage to the property described in <u>Coverage A</u> and <u>Coverage B</u> which results directly or indirectly from any of the following:

        A.    Wear and tear; marring; scratching; inherent vice; deterioration; latent defect; rust; mold; aging; mechanical breakdown; wet or dry rot;

We do not cover any direct loss that follows A. through D. caused by fire,

>smoke that is not from agricultural smudging or industrial operations, explosion, collapse of a building, glass breakage, or water damage not specifically excluded in this policy.  If a covered water loss follows, we will pay the cost of tearing out and replacing any part of the building necessary to repair the plumbing or appliance, but we do not cover loss to the plumbing of appliance from which the water escaped.

The particular policy in question also had a contractually created statute of limitations of one year as follows:

>**Suit Against Us.**  No suit or action may br brought against us by you unless there has been full compliance with all of the policy terms.  Any suit or action must be brought within twelve months of the loss.

The defendant relies heavily on a decision by the Supreme Court of Indiana in *Friedline v. Shelby Insuranvce Company*, 774 N.E. 2d 37 (Ind. 2002).  This court heard oral argument from counsel in open court in South Bend, Indiana on November 21, 2003.  This court has given close attention to the opinion of the Supreme Court of Indiana in *Friedline*, decided August 28, 2002.  It must be mentioned that this opinion authored by Justice Rucker was concurred in without reservation by the remaining members of the Supreme Court of Indiana. *But see New Welton Homes v. Eckman*, 830 N.E. 2d 32 (Ind. 2005).

This case comes up now on a motion for summary judgment and the responses thereto. The defendant, Economy Premier Assurance Company, filed a motion for summary judgment on February 9, 2005.  Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law. FED.R.CIV.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324 (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994); nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort*

3

*Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996). Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue. *Anderson*, 477 U.S. at 252-55. Applying the above standard, this Court addresses defendant's motion.

Certainly this court is bound to follow the lead of the Supreme Court of Indiana. Under the law of Indiana, the statute of limitations with regard to contact claims, IC 34-11-2-11, is generally 10 years. Under the law of Indiana, the general statute of limitations with regard to injury claims is two years. IC 34-11-2-4. It is within the outer bounds of the law of Indiana for an insurance company to fix a shorter period of time for the filing of claims, and in this case that period was twelve months "of the loss." See the array of opinions in *New Welton* at 830 N.E. 32 and following. That case was not an insurance case and did not involve an insurance contract. In *Meridian Mut. Ins. v. Auto Owners Ins.*, 698 N.E. 2d 770, 773, Chief Justice Shepard stated:

> Ambiguous provisions in insurance policies are construed in favor of the insured. *American States Ins. Co. v. Kiger,* 662 N.E.2d 945 (Ind.1996). This is particularly true with unclear provisions that limit or exclude coverage. *Id.* Where provisions limiting coverage are not clearly and plainly expressed, the policy will be construed most favorably to the insured, to further the policy's basic purpose of indemnity. *Masonic Accident Ins. Co. v. Jackson,* 200 Ind. 472, 164 N.E. 628 (1929). "This strict construal against the insurer is driven by the fact that the insurer drafts the policy and foists its terms upon the customer. 'The insurance companies write the policies; we buy their forms or we do not buy insurance.' " *American States Ins. Co.*, 662 N.E.2d at 947 (quoting *American Economy Ins. Co. v. Liggett*, 426 N.E.2d 136, 142 (Ind.Ct.App.1981)).

4

> When insurance policy language is clear and unambiguous, however, it should be given its plain and ordinary meaning. *Tate v. Secura Ins.*, 587 N.E.2d 665, 668 (Ind.1992). Under Indiana law, an insurance policy is unambiguous if reasonable persons cannot honestly differ as to the meaning of the policy language. *Eli Lilly & Co. v. Home Ins. Co.*, 482 N.E.2d 467, 470 (Ind.1985), cert. denied, 479 U.S. 1060, 107 S.Ct. 940, 93 L.Ed.2d 990, 991 (1987). One way of determining whether reasonable persons might differ is to see if the policy language is susceptible to more than one interpretation. *Id*.

This policy appears to be susceptible to more than one interpretation. The predicate facts necessary for the application of the one-year limitation are in dispute. The deposition of Jeanne Wilkinson indicates that the mold here was discovered in July 2002, and the defendant insurance company was aware of the claim at least before October 14, 2002 because they denied the claim by a letter on that date. The state court case was filed on February 21, 2003. Certainly this insurance company in its policy can shorten the Indiana statutory period for a statute of limitations. Even under the majority rule in *New Welton Homes*, there remains a narrow but important factual dispute that must be resolved under the Seventh Amendment of the Constitution of the United States. This court will stay ruling on this summary judgment motion until such is resolved. **IT IS SO ORDERED**.

    **DATED:**  November 28, 2005

                         **S/ ALLEN SHARP**
                         **ALLEN SHARP, JUDGE**
                         **UNITED STATES DISTRICT COURT**